## Commonwealth v. Denmark

*Samuel F. Bonavita,* for Commonwealth.

*Robert W. Wolfe,* for defendant.

FLICK, P. J., October 5, 1966.—Defendant was tried before a justice of the peace and found guilty of violating the Motor Boat Law of May 28, 1931, P. L. 202, sec. 10.1, added by Act of August 14, 1963, P. L. 808, sec. 12, 55 PS §485g.1(b), and was sentenced to pay the costs of prosecution and a fine of $10.

Defendant petitioned for an appeal to this court, and the appeal was allowed. A full hearing was held de novo with testimony given for the Commonwealth by State Fish Warden Williams, Deputy Game Protector Gullifer and Fish Warden Hastings. For the defense, testimony was given by defendant and by Mr. Arkwright, defendant's employe. The evidence shows that defendant has leased from the U. S. Forest Service about 80 acres of land fronting on the Allegheny Reservoir for the purpose of constructing and operating a marina. Although the water back of the Kinzua Dam has not filled the reservoir to any great extent, defendant is presently operating his business on the small lake which does exist and has about 25 boats for rent. At the present time, his temporary equipment consists of a trailer, storage shed and counter or table over which he deals with his customers. He displays a sign plainly visible to the customers stating that any boat rented must contain a life preserver for each pas-

senger. On Saturday, July 23, 1966, State Fish Wardens Williams and Hastings were patrolling the small lake back of the Kinzua Dam which now exists. They found a boat with four passengers and a child, but only four life preservers. This violated the requirements of the Motor Boat Law, but no charges were filed against defendant. The fish wardens did call the situation to his attention and informed him that he was responsible for seeing that the boat contained a life preserver for each occupant. The next day, while the fish wardens were patrolling the reservoir, they found a boat containing four fishermen and no life preservers. These men were instructed to return the boat to defendant's dock, and defendant was informed that a charge would be filed against him. When the case was heard, defendant was found guilty on the testimony given by the State fish wardens, was sentenced to pay the fine and costs, and took this appeal.

At least two of the occupants of the boat which contained no life jackets were deaf mutes and spoke to each other by means of signs. When they rented a boat, defendant followed his usual procedure of making an hourly charge for the boat and charging an additional 25 cents for each of the four life jackets required. He also put the life jackets on a table for the fishermen to take to the boat and had one of them sign a receipt for the life jackets. Defendant then went about his business and did not see whether the fishermen took the jackets to the boat. In fact, they did not take the life jackets to the boat, and left defendant's dock with no life preservers aboard.

Defendant's counsel argues that defendant should not be found guilty because he did everything required of him by the law, i. e., that he displayed the sign advising all of his customers that each person in a rented boat must have a life jacket; that he made his customers pay a separate fee for a life jacket for each

person and sign a receipt for such life jackets; and that he placed the life jackets so rented on the table or counter over which he was dealing with his customers so that they could take them to the boat. It would seem that, in performing all of these acts, in nine cases out of 10 defendant could rely on his customers to pick up the life jackets, take them to the boat they were renting and see they were aboard when the boat left defendant's premises. However, to take care of the tenth case where the customer is careless and does not do what the owner of the boat livery expects of him, the Motor Boat Law places the responsibility on the owner of the boat livery. The section which defendant was charged with violating reads as follows: "Neither the owner of a boat livery nor his agent or employe shall permit any vessel designed or permitted by him to be operated as a motor-boat to depart from his premises unless it shall have been provided, either by owner or renter, with the equipment required pursuant to this act and its implementing regulations". It is not claimed here that the life jackets supplied by defendant do not comply with equipment regulations adopted by the Pennsylvania Fish Commission, i. e.: "All motor boats and sailboats shall carry a Coast-Guard approved life-saving device for each person on board; provided, that all Class 3 motor boats shall carry a Coast-Guard approved life-preserver or ring buoy for each person on board". What defendant is charged with is violating the act in that he permitted the boat which he rented to these four fishermen to depart from his premises without seeing that it was provided with the necessary life jackets for each person on board.

At the hearing, defendant stated that he had three employes and that he did not think he and his employes would be able to check every boat which left his premises. However, this is exactly what he is responsible for.

This is not unreasonable, for it would seem to be in the best interests of the owner of the boat livery to check each of his boats as they left his premises. If he did not do so, how could he be sure that the four persons who rented the boat in question did not take more than one boat? Surely some check must be made to see that the customers take the proper boat and that they take only the boat which they rented.

The evidence shows that defendant did not comply with the act, which provides that he shall not permit the rented boat to depart from his premises unless it is provided with the required equipment. Under the law, defendant must see to it that each boat is checked when it leaves his premises. As the evidence shows beyond a reasonable doubt that defendant violated the above quoted section of the Motor Boat Law, he is found guilty and summoned before the court forthwith for sentence.

### ORDER

And now, October 5, 1966, defendant having been found guilty of violating the Motor Boat Law of May 28, 1931, P. L. 202, sec. 10.1, added August 14, 1963, P. L. 808, sec. 12, 55 PS §485g.1, he is hereby ordered to pay the cost of prosecution and a fine of $10.